E-FILED
Friday, 09 October, 2026 02:31:15 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| WILLIAM WALLS,<br><br>Plaintiff,<br><br>v.<br><br>ERIN POSEY, *et al.*<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 26-4064 |

**MERIT REVIEW ORDER**

Plaintiff, proceeding pro se, a civil detainee at the Rushville Treatment and Detention Facility ("TDF") is requesting leave to proceed under a reduced payment procedure for indigent plaintiffs who are institutionalized but are not prisoners as defined in 28 U.S.C. Section 1915(h).

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.,* 461 F.2d 649, 651 (7th Cir. 1972). A court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief, even if part of the filing fee has been paid. 28 U.S.C. § 1915(e)(2)(B). This Court grants leave to proceed *in forma pauperis* only if the complaint states a federal action.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient. Enough facts must be provided to "state a

claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

**ALLEGATIONS**

Plaintiff is detained at Rushville Treatment and Detention Facility. He named Erin Posey, the TDF Program Director, as the sole defendant.

Plaintiff alleges that he founded Faith Believers Religion Practices under North Carolina law, and that he owns 100% of the organization's intellectual property. Plaintiff alleges that the organization is a "Christian Base Religion Practices that gives all 'Prays' to Almighty God, the creator of all things." Plaintiff alleges that members serve this faith through acts of loyalty, good faith, self-improvement, and adaptation to modern day life. Plaintiff alleges that they follow the teachings in the Bible.

Plaintiff alleges that he is "first in command" of all business operations. Plaintiff alleges he has employed several individuals in this capacity to serve as music artist, First Priestess, Chairman/Spokesperson, Senior Advisor, and the "Protection" of the intellectual property.

Plaintiff alleges that TDF officials have stopped him from communicating with these individuals via email, which is the only way he is able to communicate with them. Plaintiff alleges that TDF officials have severed all forms of communication with these individuals and, presumably, other members.

Plaintiff alleges that TDF officials do not "want to allow Plaintiff to 'Live, be free, or be the owner of a religion practices that has finances and propert[ies]," and that officials are "very angry and mad" at him for doing so. (Doc. 1 at 18). Plaintiff alleges this violates the First Amendment's establishment clause.

## DISCUSSION

The Religious Land Use and Institutionalized Persons Act ("RLUIPA") prohibits governmental imposition of a "substantial burden on the religious exercise" of a confined individual, even if the burden results from a rule of general applicability, unless the burden "(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc–1(a).

In establishing a claim under RLUIPA, the plaintiff bears the initial burden of showing (1) that he seeks to engage in an exercise of religion; and (2) that the challenged practice substantially burdens that exercise of religion. 42 U.S.C. § 2000cc–2(b). Once the plaintiff establishes this *prima facie* case, the burden shifts to the government to show that the policy in question was the least restrictive means to further a compelling government interest. *Holt v. Hobbs*, 574 U.S. 352, 135 S. Ct. 853, 863 (2015).

"Religious exercise" under RLUIPA includes "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." 42 U.S.C. § 2000cc-5(7)(A). Governmental action substantially burdens religious exercise when the inmate is forced to "engage in conduct that seriously violates his religious beliefs," regardless of whether other religious accommodations offset the burden imposed.[1] *Holt*, 135 S. Ct. at 862 (quoting *Burwell v. Hobby Lobby Stores, Inc.*, 134 S. Ct. 2751, 2775 (2014)); *Jones v. Carter*, 915 F.3d 1147, 1150 (7th Cir. 2019). A substantial burden on religious practice occurs under RLUIPA "when a

---

[1] *Holt* and *Hobby Lobby* redefined "substantial burden" under RLUIPA. Prior to these decisions, courts interpreted "substantial burden" for RLUIPA purposes as "one that necessarily bears direct, primary, and fundamental responsibility for rendering religious exercise…effectively impracticable," which was consistent with the standard applied in First Amendment cases. *Schlemm v. Wall*, 784 F.3d 362, 364 (7th Cir. 2015); *see also Nelson v. Miller*, 570 F.3d 868, 876 (7th Cir. 2009) (RLUIPA has been "interpreted with reference to Supreme Court free exercise jurisprudence."). *Holt* and *Hobby Lobby* "articulated a standard much easier to satisfy" than the "effectively impracticable" standard. *Schlemm*, 784 F.3d at 364; *see also Jones*, 915 F.3d at 1149.

prison attaches some meaningful negative consequence to an inmate's religious exercise, forcing him to choose between violating his religion and incurring that negative consequence." *West v. Radtke*, 48 F.4th 836, 845 (7th Cir. 2022). To make this determination, a court must "consider the severity of the negative consequences in question." *Childs v. Webster*, 168 F.4th 1020, 1027 (7th Cir. 2026).

Once the burden shifts, RLUIPA requires courts to examine the application of the challenged practice "to the person." *Holt*, 135 S. Ct. at 863. Officials must explain why they denied the plaintiff an exemption and show that such a denial is the least restrictive means in furtherance of a compelling government interest. *Id.* at 364. The least-restrictive-means standard "requires the government to show that it lacks other means of achieving its desired goal without imposing a substantial burden on the exercise of religion by the objecting party." *Id.* (citations omitted). If less restrictive means are available, "the Government must use [them]." *Id.*

RLUIPA does not authorize money damages against officials in their official or individual capacities. *Sossamon v. Texas*, 563 U.S. 277, 292 (2011) ("States, in accepting federal funding, do not consent to waive their sovereign immunity to private suits for money damages under RLUIPA because no statute expressly and unequivocally includes such a waiver."); *Landor v. La. Dep't of Corr.*, 609 U.S. ---, 146 S. Ct. 1931, 1941-42 (2026) (damages against individuals in their personal capacities is not available under RLUIPA absent a showing that they voluntarily and knowingly consented to answer to private suits under this statute). RLUIPA thus provides only for injunctive relief.

Under the First Amendment, restrictions that substantially burden a prisoner's sincerely held religious beliefs violate the First Amendment if they are not reasonably related to a legitimate penological purpose. *Thompson v. Holm*, 809 F.3d 376, 379-80 (7th Cir. 2016). A

burden is substantial under the First Amendment if it "puts substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Id.* (quoting *Thomas v. Review Bd.*, 450 U.S. 707, 717-18 (1981)).

In determining whether the burden is justified, the Court examines: (1) whether the restriction is rationally related to a legitimate and neutral government objective; (2) whether there are alternative means of exercising the right that remain open to the inmate; (3) what impact an accommodation of the asserted right will have on guards and other inmates; and, (4) whether there are obvious alternatives to the restriction that show that it is an exaggerated response to penological concerns. *Turner v. Safley*, 482 U.S. 78, 89-91 (1987). Because RLUIPA provides greater protection, courts will not discuss any constitutional claims where the statute applies.

Plaintiff's allegations permit a plausible inference that he is a member/owner of a religious group that observes its faith through certain acts of penance, and that those acts would be a religious practice for purposes of RLUIPA and the First Amendment. Plaintiff's allegations are unclear regarding whether communicating with and presumably managing individuals he has hired to perform certain roles within the organization is a core tenet of the faith itself or serve only his business interests. Either way, Plaintiff's allegations do not permit a plausible inference that TDF officials' alleged prohibition against email communication has hindered his ability to practice his faith through acts of loyalty, good faith, self-improvement, and adaptation to modern day life or otherwise follow the Bible's teachings. To the extent that Plaintiff seeks to assert a First Amendment claim for the denial of access to email that is separate from his religious practice, the Seventh Circuit held in *Brown v. Phillips* that the TDF's prohibition against internet

access was rationally related to legitimate security and therapeutic interests. 801 F.3d 849, 855 (7th Cir. 2015).

The First Amendment's Establishment Clause "prohibits the government from favoring one religion over another without a legitimate secular reason." *Kaufman v. McCaughtry*, 419 F.3d 678, 683 (7th Cir. 2005). "A government policy or practice violates the Establishment Clause if (1) it has no secular purpose, (2) its primary effect advances or inhibits religion, or (3) it fosters an excessive entanglement with religion." *Id.* Plaintiff's allegations do not permit a plausible inference that TDF officials are permitting other residents to operate a religious-based business as part of any religion, and, as discussed above, TDF officials have a legitimate, secular reason to prohibit access to email and the Internet.

The Court finds that Plaintiff fails to state a claim upon which relief can be granted. Plaintiff's complaint is dismissed with leave to amend as directed below to permit Plaintiff the opportunity to clarify his allegations and provide any additional information he desires the Court to consider.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915. Plaintiff shall have 30 days from the entry of this order to file an amended complaint. Failure to file an amended complaint will result in the dismissal of this case, with prejudice, for failure to state a claim. Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety. The amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.**

2) **Clerk is directed to send Plaintiff a blank complaint form.**

Entered this 9th day of October, 2026.

*s/Michael M. Mihm*

MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE